| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-2(c)*<br><br>Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Jennifer Cranston McEntee, Esquire<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>Telephone: (215) 557-3550<br>Facsimile: (215) 557-3551<br>aciardi@ciardilaw.com<br>jcranston@ciardilaw.com | |
| In re:<br><br>RMG Erectors and Constructors of Montana, LLC,<br><br>Debtor. | Case No.:<br>Judge:<br>Chapter:    11 |

**Order Filed on April 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

The relief set forth on the following page(s) is hereby **ORDERED.**

**DATED: April 23, 2026**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

THIS MATTER has come before the Court upon the request of RMG Erectors and Contractors of Montana, LLC, the Debtor and Debtor-in-Possession (the "Debtor") (i) for authority to use cash collateral in accordance with the proposed budget and (ii) related relief (the "Motion"). Notice of the Motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to (1) Counsel for the Office of the United States Trustee, (2) the Debtor's Top Twenty Unsecured Creditors, (3) Firstrust Bank, and (4) the Rule 2002 List of Creditors to the extent any existed at the time of the filing of the Motion. The Court, having considered the Motion and any objections thereto, and after due deliberation and good and sufficient cause appearing for the entry of the within Interim Order, it is hereby found:

A.      **Notice and Hearing**. Notice of the Motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with the Court's Order granting the Debtor's Application for Expedited Consideration, Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.      **Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on April 17, 2026 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.      **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or

occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, and as the term "proceeds" is described in UCC Sections 9-102 and 9-315.

D.     Firstrust Bank (the "Bank") is a secured creditor of the Debtor with validly perfected liens on all of the Debtor's property to secure the repayment of three loans: a Line of Credit in the maximum amount of $4,000,000 (Line of Credit), an Aircraft Loan in the original principal amount of $1,320,000 (Aircraft Loan), and as a guarantor of a mortgage loan in the original principal amount of $1,250,000 (Mortgage Loan). Pre-petition, the Bank froze funds in the amount of $[350,000] (Frozen Funds) in the Debtor's accounts and has used $[194,558.74] of such funds to make protective advances to preserve the value of the Cessna CJ-1 jet aircraft (Aircraft) owned by RMG Aviation LLC (Aviation), an affiliate of the Debtor that was purchased with the Aircraft Loan.  The balance of the Frozen Funds is currently $[155,441.26]. As of the Petition Date, the Bank asserts that the Debtor was obligated to the Bank in the following amounts, exclusive of legal fees and other costs: Line of Credit $4,100,621.06, Aircraft Loan 962,731.15 and Mortgage Loan $1,108,004.37.  The Debtor reserves all rights other than stipulating to the validity of the Bank's liens.

D.     **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11.  The Debtor requires immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization.  Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.  The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as **Exhibit "A",** for the time period from the **Petition Date through May 15, 2026** (the "Budget").

F.      The Debtor has provided Exhibit A which contains a list of pre-petition jobs and any unpaid subcontractors and suppliers and Exhibit B which is a monthly non field expense budget.

G.      The Bank served a Notice under the UCC on certain of the Projects identified on Exhibit A for payment of funds directly to the Bank (the "Noticed Projects").

H.      The Debtor is in a position to start new projects ("New Projects") for which the Bank has not served a Notice under the UCC.

I.      **Purposes**. The Debtor is authorized to use Cash Collateral only for the purposes and in the amounts not to exceed those specified in each line item as indicated in the Budget. The Court having been informed that parties hereto do not object, and for good cause shown,

IT IS on this _____ day of _____, 2026,

**ORDERED** as follows:

1.      **Use of Cash Collateral**. The Debtor is authorized to use cash collateral through **May 15, 2026,** solely for the purposes and in the amounts not to exceed those specified in each line item as indicated in the Budget with a variance of five (5%) percent, and subject to compliance with the further terms and provisions of this Interim Order. The Budget shall consist of Exhibit A (Open Receivables Collection Sheet) and Exhibit B (non-project expenses). The Bank shall turnover to Debtor for use pursuant to this Order, the Seized Funds net of any protective advances. The Debtor shall only be permitted to use Cash Collateral for expenses related to a Noticed Project only if the Debtor has received written confirmation from the owner or general contractor of the Noticed Project that the Debtor will be paid or compensated upon completion of any remaining work and confirming the cost to complete such work. Subject to Section 345 of the Bankruptcy Code,

the Debtor shall establish two accounts at the Bank, one of which shall be used to deposit and pay expenses on Noticed Projects (Noticed Projects Account) and another to deposit any deposits received with respect to the New Project and to pay expenses on New Projects. (New Project Account, and together with the Noticed Project Account, the Accounts). New Project Expenses may only be paid from the New Project deposits related to the specific New Project. The Debtor will provide the Bank and any other party-in-interest including the Office of the US Trustee and any statutory committee with a weekly accounting of funds deposited into the Accounts and the corresponding expenses paid out of each Account on Tuesday of each week, together with an itemization of any other expenses paid during the prior week with reference to the appropriate budget line item.

2.      **Adequate Protection**. As adequate protection for use of cash collateral, the Bank and any other secured creditors, if any, to the extent they hold secured claims, are GRANTED:

a.      **Replacement Lien**. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Cash Collateral is used by the Debtor, to the extent and validity and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, the secured creditors may have held in the Debtor's pre-petition collateral. To the extent any other creditor holds or asserts a lien position in cash collateral, such creditor shall receive a replacement lien to the same extent, priority and validity as it existed prior to the Petition Date. Nothing herein shall affect the rights of any parties-in-interest including a committee or trustee to review or challenge any liens of the Bank or any other secured creditors. The Debtor agrees that the Bank has validly filed liens against its assets but reserves and preserves all other rights, claims and causes of action as to the Bank.

b.      **Statutory Rights Under Section 507(b)**. To the extent the adequate

protection provided for hereby proves insufficient to protect the interest of parties found to have

an interest in and to the Cash Collateral, said parties shall have a super-priority administrative

expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims

against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or

in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6).

c.      **Deemed Perfected**. The replacement liens and security interests granted

herein are automatically deemed perfected upon entry of this Interim Order without the necessity

of the secured creditors taking possession, filing financing statements, mortgages or other

documents only to the same extent priority and validity as existed pre-petition.

d.      The Debtor shall cause Aviation, to deliver the logbooks for the Aircraft

which serves as collateral for the Bank's loan. The Debtor agrees that the Aircraft will be

immediately listed for sale with Flight Group LLC upon entry of an order approving its retention,

however no sale will be completed without further Order of this Court. Proceeds of any sale of

the Aircraft will be used first to repay the Debtor's obligations to Bank.

3.      **Creditors' Rights of Inspection and Audit and Provision of Financial and
other Information**. Upon reasonable notice by either of the secured creditors or any statutory

committees appointed in this case, Debtor shall permit such party and any of its agents

reasonable and free access to the Debtor's records and place of business during normal business

hours to verify the existence, condition and location of Collateral in which said creditor holds a

security interest and to audit Debtor's cash receipts and disbursements.

4.      **Interlocutory Order and No Modification of Creditor's Adequate Protection**.
This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a)

limit the secured creditors to the relief granted herein; or (b) bar the secured creditors from

seeking other and further relief (including without limitation relief from the terms of this Interim Order) for cause shown on such notice as the Court deems appropriate to the Debtor and other parties-in-interest entitled to notice of same. The Interim Order may be modified for cause shown by the Debtor, the secured creditors or any other party-in-interest on due notice. No such modification, however, shall deprive any party with an interest in cash collateral of its interest in Debtor's property or any rights granted hereunder.

5. **Use of the Accounts Receivable**[1]. The Debtor is authorized to collect, access, and otherwise use for operations, the Accounts Receivable, and the demand letters sent by the Bank to the Debtor's customers are rescinded pursuant to this Interim Order. The Debtor is further authorized to use proceeds of cash collateral in accordance with any order entered related to the Debtor's Motion for Authority to Pay Pre-Petition Subcontractors and Suppliers and Motion for Authority to Pay Pre-Petition Wages. Subject to the terms of this Order, the Debtor is authorized to collect and complete the Noticed Projects and the Debtor's customers shall pay all sums due under the Noticed Projects and New Projects to the Debtor net of any joint checks to vendors or suppliers of the Debtor. All requirements for joint checks shall be disclosed to the Bank and any statutory committee.

## FURTHER INTERIM HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before **the** 6th **day of** May **, 2026** at 5:00 p.m., a written objection and shall appear to advocate said objection at a Further Interim Hearing to be held at 10:AM on the 13th day of May, 2026

---

[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Motion. However, to be clear, this term represents all accounts of the Debtor that received a demand letter from Firstrust Bank or that existed as of the Petition Date.

in Courtroom #___, of the United States Bankruptcy Court for the District of New Jersey, Camden Vicinage. In the event no objections are filed or not advocated at such hearing, then this Interim Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

<u>**NOTICE OF THE INTERIM ORDER**</u>

**IT IS FURTHER ORDERED** that the Debtor serve a copy of this Interim Order, Motion and Notice by first class mail not later than 48 hours after entry of the Interim Order pursuant to Local Rule 9013-5(f), on the following: (1) the Office of the United States Trustee, (2) Top 20 Unsecured Creditors, (3) Firstrust Bank, (4) the Internal Revenue Service, (5) the New Jersey Division of Taxation, (6) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002, and (7) any other interested party. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

# EXHIBIT A

A/R Aging Summary
As of April 14, 2026

**Jobs In process that bank sent letters to and funds are on hold**

| | March Receivables | April Receivables | Retention | Balance to bill on contract | vendor payouts | | | | | RMG cost to finish includes, labor, rental equip, hotels, fuel | Gross profit to RMG |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Dove Contracting - 12-1 Orphans Of The Storm | $        - | $        - | $   36,668.42 | $        - | equipment share | sunbelt rental | | | | | $36,286.82 |
| | | | | | $        - | $     (381.60) | $        - | $        - | $        - | $        - | |
| Birmingham Industrial Construction - 14-1 Columbus AFB | $   17,586.40 | $   48,963.00 | $   35,238.77 | $   35,238.77 | equipment share | sunbelt rental | | | | | $   43,521.40 |
| | | | | | $  (29,582.77) | $  (28,684.00) | $        - | $        - | $        - | $        - | |
| Consigli - 17-1 Brooklyn Batting Cages | $        - | $        - | $   10,370.64 | $        - | equipment share | sunbelt rental | | | | | ($423.36) |
| | | | | | $        - | $  (10,794.00) | $        - | $        - | $        - | $        - | |
| BBL Construction Services - 2-2 205 Southern Blvd. | $        - | $        - | $   8,020.74 | $        - | equipment share | sunbelt rental | | | | | ($8,074.09) |
| | | | | | $   (4,120.02) | $  (11,974.81) | $        - | $        - | $        - | $        - | |
| Alston Construction LLC - 27-1 Sky Harbour OPFII | $  108,409.52 | $   8,744.72 | $  295,203.59 | $   35,054.54 | sims crane | sunbelt rental | equipment share | thermall | | | $101,531.49 |
| | | | | | $ (128,000.00) | $ (153,772.61) | $  (24,108.27) | $        - | $        - | $  (40,000.00) | |
| Alston Construction LLC - 27-2 CT SKY - Bradley Airport | $  524,545.99 | $  380,801.21 | $  107,423.69 | $  731,460.43 | thermall | brucha | equipment share | barnhart crane | sunbelt rental | | $  490,362.05 |
| | | | | | $  (42,156.59) | $ (164,838.84) | $ (135,083.69) | $ (180,329.62) | $        - | $        - | |
| SUSSEX CONSTRUCTION - 29-3 DG 31362 - Montana City | $        - | $        - | $   3,581.19 | $        - | equipment share | sunbelt rental | | | | | ($2,303.13) |
| | | | | | $   (5,884.32) | $        - | $        - | $        - | $        - | $        - | |
| Republic Construction Corporation - Seminole District Admir | $        - | $        - | $   10,129.46 | $        - | equipment share | sunbelt rental | | | | | ($24,703.60) |
| | | | | | $   (9,563.88) | $  (25,269.18) | $        - | $        - | $        - | $        - | |
| Nabholz - 36-2 Riggs Rebuild Facility | $   88,620.62 | $   88,336.56 | $   9,313.54 | $  791,487.88 | equipment share | sunbelt rental | | | | | $677,758.68 |
| | | | | | $        - | $        - | $        - | $        - | $        - | $ (300,000.00) | |
| Chesapeake Bay Steel - 37-1 Cummings Recreation | $   10,031.18 | $        - | $        - | $   99,428.82 | equipment share | sunbelt rental | | | | | 83,283.61 |
| | | | | | $  (26,176.39) | $        - | $        - | $        - | $        - | $        - | |
| ABM Construction - 40-1 Chet Brayley - 274 Currier Road | $   25,088.17 | $   35,599.84 | $   3,194.11 | $        - | equipment share | sunbelt rental | | | | | $47,270.47 |
| | | | | | $   (3,786.90) | $  (12,824.75) | $        - | $        - | $        - | $        - | |
| ABM Construction - 40-2 Training Facility Addition | $   28,898.73 | $  108,478.18 | $   8,046.16 | $        - | equipment share | sunbelt rental | | | | | $107,146.96 |
| | | | | | $   (3,909.13) | $  (34,366.98) | $        - | $        - | $        - | $        - | |
| LeChase Construction - 41-1 Yates Community Center | $        - | $  259,515.54 | $   13,658.71 | $  194,673.75 | equipment share | sunbelt rental | owner supplied rental | | | | $317,060.76 |
| | | | | | $  (20,787.24) | $        - | $  (25,000.00) | $        - | $        - | $ (105,000.00) | |
| Mc Mahon's Contract Exteriors - 42-1 Tate Ornamental Millwork | $        - | $  139,796.05 | $   34,124.68 | $  263,883.18 | equipment share | sunbelt rental | | | | | $  115,470.89 |
| | | | | | $  (58,449.84) | $        - | $        - | $        - | $        - | $        - | |
| LSI Development Group - 6-2 20 Airport Road - LS | $   13,510.35 | $        - | $   18,700.29 | $        - | equipment share | sunbelt rental | | | | | ($9,803.29) |
| | | | | | $        - | $  (32,013.93) | $        - | $        - | $        - | $  (10,000.00) | |
| LSI Development Group - 6-3 Bashert Farms | $  135,644.16 | $        - | $   42,632.29 | $   10,319.83 | equipment share | sunbelt rental | | | | | $71,996.73 |
| | | | | | $   (4,041.26) | $ (102,558.29) | $        - | $        - | $        - | $  (10,000.00) | |
| LSI Development Group - 6-4 22 Airport Road | $   40,053.86 | $        - | $   40,053.93 | $        - | equipment share | sunbelt rental | | | | | ($7,341.13) |
| | | | | | $  (40,065.97) | $  (37,382.95) | $        - | $        - | $        - | $  (10,000.00) | |
| **Totals** | $  992,388.98 | $ 1,070,235.10 | $  676,360.21 | $ 2,161,547.20 | | | | | | $ (475,000.00) | $2,039,041.28 |

jobs awarded starting in next 30 days - bank did not send letters to

| customer | | contract amount | | material cost | | Erection cost includes, labor, rental equip, hotels, fuel | | RMG gross proffit |
|---|---|---|---|---|---|---|---|---|
| Shinhwa Auto Phase V | $ | 452,366.64 | $ | - | $ | (255,205.60) | $ | 197,161.04 |
| Southern Tire Mart - Midway, FL | $ | 102,798.80 | $ | - | $ | (77,080.37) | $ | 25,718.43 |
| DG Naamans Rd Wilmington, DE | $ | 297,684.70 | $ | (90,000.00) | $ | (34,648.00) | $ | 173,036.70 |
| DG Rush NY | $ | 297,684.70 | $ | (90,000.00) | $ | (34,648.00) | $ | 173,036.70 |
| INAW Terre Haute | $ | 154,429.91 | $ | - | $ | (93,584.80) | $ | 60,845.11 |
| INAW Greenwood | $ | 121,678.49 | $ | - | $ | (68,427.60) | $ | 53,250.89 |
| Dollar Tree Avon OH | $ | 66,211.92 | $ | - | $ | (47,374.00) | $ | 18,837.92 |
| Gatorade | $ | 84,494.47 | $ | - | $ | (43,040.00) | $ | 41,454.47 |
| Watertown SD Warehouse | $ | 616,886.60 | $ | - | $ | (237,827.60) | $ | 379,059.00 |
| NY SKY - Hudson Valley (2) Hangers - North Site | $ | 2,254,226.15 | $ | - | $ | (1,194,222.00) | $ | 1,060,004.15 |
| Mastic Seafood | $ | 405,000.00 | $ | (121,500.00) | $ | (100,500.00) | $ | 183,000.00 |
| Uhaul Riverdale | $ | 925,724.00 | $ | - | $ | (320,864.00) | $ | 604,860.00 |
| UHAUL Holbrook | $ | 1,514,587.76 | $ | (548,438.00) | $ | (144,463.00) | $ | 821,686.76 |
| **Totals** | **$** | **7,293,774.14** | **$** | **(849,938.00)** | **$** | **(2,651,884.97)** | **$** | **3,791,951.17** |

| | | |
|---|---|---|
| jobs in progress gross proffit to RMG | $ | 1,692,760.39 |
| jobs under contract gross proffit to RMG | $ | 3,791,951.17 |
| Annual overhead | $ | (1,595,655.88) |
| Final Net Proffit to RMG in 2026 | $ | 3,889,055.68 |

| | | |
|---|---|---|
| payroll to field workers owed | $ | (228,752.00) |
| RMG insurance policies not accounted for above | $ | (117,528.89) |
| | $ | 1,692,760.39 |

# EXHIBIT B

## Monthly Bills

| | | |
|---|---|---:|
| MORTGAGE @ 105 | $ | 8,675.00 |
| PROPERTY TAX | $ | 3,300.00 |
| Property Insurance | $ | 1,029.00 |
| Property Contents Insurance | $ | 3,967.00 |
| GL All States | $ | 10,000.00 |
| NY GL | $ | 10,000.00 |
| Excess Ny & All States | $ | 5,000.00 |
| Auto | $ | 5,000.00 |
| Auto Excess | $ | 5,000.00 |
| Riversource Life Insurance | $ | 2,666.00 |
| ALARM | $ | 220.00 |
| AT&T Cell Phones | $ | 168.00 |
| AC ELECTRIC OFFICE | $ | 1,700.00 |
| SJ GAS @ 105 | $ | 335.00 |
| SJ GAS @ 109 | $ | 132.00 |
| Comcast | $ | 1,726.00 |
| EZ PASS | $ | 2,000.00 |
| Landscaping | $ | 1,700.00 |
| Waste Management | $ | 185.00 |
| MBS Software | $ | 3,650.00 |

## Corporate Salaries

| | | |
|---|---|---:|
| Bobby | $ | 15,000.00 |
| Sharon Mesmer | $ | 8,750.00 |

### NJ Office

| | | |
|---|---|---:|
| Frank G | $ | 8,333.33 |
| Mario Straccalini | $ | 9,166.67 |
| Sharon Mitchel | $ | 5,833.33 |
| Bud | $ | 7,083.33 |
| Bob SR | $ | 2,500.00 |
| | | |
| Health Insurance | $ | 4,400.00 |
| 401k Match | $ | - |

## Annual Cost Totals

| | | |
|---|---|---:|
| Total Monthly | $ | 127,519.67 |