| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| --- |
| *Caption in Compliance with D.N.J. LBR 9004-2(c)* |

Ciardi Ciardi & Astin
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: 215-557-3550
Facsimile: 215-557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com

**Order Filed on April 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

RMG ERECTORS & CONSTRUCTORS
OF MONTANA, LLC,

Debtor.

Case No.:   26-14283
Judge:      JNP
Chapter:    11

AMENDED
**INTERIM ORDER AUTHORIZING PAYMENT
OF PRE-PETITION EMPLOYEE OBLIGATIONS**

The relief set forth on the following page(s) is hereby **ORDERED.**

**DATED: April 23, 2026**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

In re RMG Erectors & Constructors of Montana, LLC
Case No. 26-14283
Interim Order Authorizing Payment of Pre-Petition Employee Obligations

Upon the motion (the "**Motion**") of the above-captioned debtor and debtor-in-possession (the "**Debtor**") for entry of an order (this "**Interim Order**") authorizing payment of Pre-Petition Employee Obligations[1], on a post-petition basis in the ordinary course of business, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** on an interim basis to the extent set forth herein.

2.    The Debtor is hereby authorized, but not directed, on an interim basis, to pay all claims on account of Unpaid Compensation, as employees return to work, Pre-Petition Payroll, and Employee Benefits accruing prior to the Petition Date on the regularly scheduled pay days

---

[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Motion.

- 2 -

In re RMG Erectors & Constructors of Montana, LLC
Case No. 26-14283
Interim Order Authorizing Payment of Pre-Petition Employee Obligations

(the "Prepetition Employee Obligation") pursuant to the Budget, subject to the statutory cap of $17,150.00 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code (the "Statutory Caps").

3.      The Debtor is hereby authorized, but not directed, on an interim basis, to continue the Employee Benefits in the ordinary course of business post-petition in accordance with the Debtor's prepetition policies and practices without the need for further Court approval, subject to applicable law and the terms of this Interim Order.

4.      The Debtor is hereby authorized, but not directed, on an interim basis, to pay and remit to the appropriate parties all deductions and payroll taxes associated with all Prepetition Employee Obligations and to continue to pay and honor such obligations as required in the ordinary course of business post-petition in accordance with the Debtors' prepetition policies and practices.

5.      The Debtor is hereby authorized, but not directed, on an interim basis, to pay the Unpaid Compensation as and when the subject employees are recalled to work on ongoing or new projects, subject to applicable law and the terms of this Interim Order.

5.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Prepetition Employee Obligations.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the Prepetition Employee Obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely

- 3 -

In re RMG Erectors & Constructors of Montana, LLC
Case No. 26-14283
Interim Order Authorizing Payment of Pre-Petition Employee Obligations

on the Debtor's designation of any particular check or electronic payment request as approved by

this Interim Order from the Debtor-In-Possession Account.

7.      The Debtor's banks, including but not limited to Firstrust Bank, shall be and

hereby are prohibited from placing any additional holds on, or attempting to reverse, any

automatic transfers to any account of an employee of the Debtor or other party for any Pre-

Petition Employee Obligations, provided that sufficient funds are on deposit in the applicable

accounts to cover such transfers;

8.      Solely for the purposes of payroll and payroll related payments, the Debtor is

authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in

replacement of any checks or fund transfer requests that are dishonored as a consequence of this

Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted

herein provided that any such payments are below the Statutory Caps.

9.      The Debtor will provide seven (7) days' notice of any material changes to the

Employee Benefits, and any other programs described in the Motion to the U.S. Trustee and any

statutory committees appointed in this case.

10.     Nothing in the Motion or this Interim Order shall be construed as impairing the

Debtor's right to contest the validity or amount of any Employee Obligations, including any

payroll taxes that may be due to any Taxing Authority, pursuant to applicable law.

11.     Nothing in this Interim Order expressly or implicitly grants or approves any bonus

plan, incentive plan, or severance plan or other plan or practice that is subject to 11 U.S.C. §

503(c) of the Bankruptcy Code.  No payments shall be made pursuant to this Interim Order for

bonuses pursuant to any bonus or retention programs.

- 4 -

In re RMG Erectors & Constructors of Montana, LLC
Case No. 26-14283
Interim Order Authorizing Payment of Pre-Petition Employee Obligations

12.     Nothing in the Motion or this Interim Order shall be deemed to (i) authorize the payment of any amounts that are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus, incentive, severance obligations, or other obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.  A separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code.

13.     Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Interim Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

14.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

15.     Within two (2) business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on each applicable bank and financial institution that is directed to comply with the terms of this Interim Order.

16.     The final hearing (the "Final Hearing") to consider the entry of a final order granting the relief requested in the Motion shall be held on ___5/13___, 2026, at __10__ a./p.m. prevailing Eastern Time.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before __5/6__, 2026, at 4:00 p.m. (Eastern Time) on: (a) the Debtor, RMG Erectors & Constructors of Montana, LLC, (b) proposed counsel to the Debtor, Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, PA 19103, Attn: Albert A. Ciardi, III (aciardi@ciardilaw.com), Jennifer C. McEntee

- 5 -

In re RMG Erectors & Constructors of Montana, LLC
Case No. 26-14283
Interim Order Authorizing Payment of Pre-Petition Employee Obligations

(jcranston@ciardilaw.com), and Sarah A. Moynihan (smoynihan@ciardilaw.com); (c) the

United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark,

NJ 07102, Attn: Jeffrey Sponder, Esquire (jeffrey.m.sponder@usdoj.gov); (d) counsel to any

statutory committees appointed in this case; and (e) counsel for Firstrust Bank. If no

objections are filed to the Motion, the Court may enter an order approving the relief requested in

the Motion on a final basis without further notice or hearing.

17.     To the extent applicable, the requirements set forth in Bankruptcy Rule

6003(b) are satisfied.

18.     Notice of the Motion as provided therein shall be deemed good and

sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the

Local Rules are satisfied by such notice.

19.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), to the

extent applicable, the terms and conditions of this Interim Order shall be immediately effective

and enforceable upon its entry.

20.     The Debtor shall serve a copy of this Interim Order on all required parties

pursuant to Local Rule 9013-5(f).

21.     Any party may move for modification of this Interim Order in accordance

with Local Rule 9013-5(e).

22.     This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation, interpretation, and enforcement of this Interim Order.

- 6 -